GREENBERG TRAURIG, LLP
SUSAN L. HELLER (SBN 160539)
WENDY M. MANTELL (SBN 225544)
NINA D. BOYAJIAN (SBN 246415)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800
Email: HellerS@gtlaw.com; MantellW@gtlaw.com; BoyajianN@gtlaw.com

Attorneys for Plaintiff/Counterdefendants
BOLDFACE Licensing +Branding and Boldface Group, Inc.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Michael J. Kump (SBN 100983)
Jonathan Steinsapir (SBN 226281)
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401-1894
Tel: 310-566-9800; Fax: 310-566-9850
E-mail: MKump@kwikalaw.com;JSteinsapir@kwikalaw.com

Attorneys for Counterdefendants Kimsaprincess, Inc., 2Die4Kourt, Khlomoney Inc., Kim Kardashian, Kourtney Kardashian, and Khloe Kardashian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BOLDFACE Licensing +Branding, a Nevada corporation,<br><br>Plaintiff,<br>v.<br>By Lee Tillett, Inc., a Florida corporation,<br>Defendant. | CASE NO. CV-12-10269 ABC (PJWx)<br><br>**JOINT STIPULATION REQUESTING ENTRY OF PROTECTIVE ORDER** |
| By Lee Tillett, Inc., a Florida corporation, Counterclaimant,<br><br>Counterclaimant,<br>v.<br>BOLDFACE Licensing +Branding, a Nevada corporation, Boldface Group, Inc., a Nevada corporation, Kimsaprincess, Inc., a California corporation, 2Die4Kourt, a California corporation, Khlomoney Inc., a California corporation, Kim Kardashian, a natural person, Kourtney Kardashian, a natural person, Khloe Kardashian, a natural person and DOES 1-10, inclusive,<br>Counterdefendants. | [Magistrate Judge: Hon. Patrick J. Walsh]<br><br>Hon. Audrey B. Collins<br><br>Discovery Cut-Off: December 16, 2013<br>Motion Cut-Off:   January 6, 2014<br>Trial Date:        April 22, 2014<br><br>Action Filed:      November 30, 2012<br>Cross-Action Filed: January 9, 2013 |

LA 130887550 v1

1  WHEREAS discovery is under way in the above-entitled action and discovery
2 requests may call for the production of materials that constitute confidential information
3 and/or trade secrets under Fed. R. Civ. P. 26(c)(1)(G);
4  WHEREAS the parties believe that a protective order is necessary to protect their
5 confidential information and trade secrets, as well as the confidential information and
6 trade secrets of third parties;
7  NOW, WHEREFORE, Plaintiff/Counterdefendants BOLDFACE Licensing +
8 Branding and Boldface Group, Inc., Counterdefendants Kimsaprincess, Inc., 2Die4Kourt,
9 Khlomoney Inc., Kim Kardashian, Kourtney Kardashian, and Khloe Kardashian, and
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1

1 | Defendant/Counterclaimant By Lee Tillett, Inc. jointly request that the Court enter the
2 | attached [Proposed] Stipulated Protective Order.

4 |     IT IS SO STIPULATED.

6 | DATED: May 14, 2013      GREENBERG TRAURIG, LLP

8 | By: /s/ *Wendy M. Mantell*
Susan L. Heller
Wendy M. Mantell
Nina D. Boyajian
Attorneys for Plaintiff/Counterdefendants
BOLDFACE Licensing +Branding and Boldface Group, Inc.

13 | DATED: May 14, 2013      KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

15 | By: /s/ *Jonathan Steinsapir*
Michael J. Kump
Jonathan Steinsapir
Attorneys for Counterdefendants Kimsaprincess, Inc., 2Die4Kourt, Khlomoney Inc., Kim Kardashian, Kourtney Kardashian, and Khloe Kardashian

20 | DATED: May 14, 2013      FAYER GIPSON LLP

22 | By: /s/ *Gregory A. Fayer*
Elliot B. Gipson
Gregory A. Fayer
Attorneys for Defendant and Counterclaimant By Lee Tillett, Inc.

LA 130887550 v1

| | |
|---|---|
| 1 | GREENBERG TAURIG, LLP |
| | SUSAN L. HELLER (SBN 160539) |
| 2 | WENDY M. MANTELL (SBN 225544) |
| | NINA D. BOYAJIAN (SBN 246415) |
| 3 | 1840 Century Park East, Suite 1900 |
| | Los Angeles, CA 90067-2121 |
| 4 | Tel: 310-586-7700; Fax: 310-586-7800 |
| | E-Mail: HellerS@gtlaw.com; MantellW@gtlaw.com |
| 5 | BoyajianN@gtlaw.com |
| 6 | Attorneys for Plaintiff/Counterdefendants |
| | BOLDFACE Licensing +Branding and Boldface Group, Inc. |
| 7 | |
| | KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP |
| 8 | Michael J. Kump (SBN 100983) |
| | Jonathan Steinsapir (SBN 226281) |
| 9 | 808 Wilshire Boulevard, Third Floor |
| | Santa Monica, CA 90401-1894 |
| 10 | Tel: 310-566-9800; Fax: 310-566-9850 |
| | E-mail: MKump@kwikalaw.com;JSteinsapir@kwikalaw.com |
| 11 | |
| | Attorneys for Counterdefendants Kimsaprincess, Inc., |
| 12 | 2Die4Kourt, Khlomoney Inc., Kim Kardashian, |
| | Kourtney Kardashian, and Khloe Kardashian |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BOLDFACE Licensing +Branding, a Nevada corporation, | CASE NO. CV-12-10269 ABC (PJWx) |
| Plaintiff, | |
| v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| By Lee Tillett, Inc., a Florida corporation, | |
| Defendant. | |
| By Lee Tillett, Inc., a Florida corporation, Counterclaimant, | [Magistrate Judge: Hon. Patrick J. Walsh] |
| Counterclaimant, | |
| v. | Hon. Audrey B. Collins |
| BOLDFACE Licensing +Branding, a Nevada corporation, Boldface Group, Inc., a Nevada corporation, Kimsaprincess, Inc., a California corporation, 2Die4Kourt, a California corporation, Khlomoney Inc., a California corporation, Kim Kardashian, a natural person, Kourtney Kardashian, a natural person, Khloe Kardashian, a natural person and DOES 1-10, inclusive, | Discovery Cut-Off: December 16, 2013<br>Motion Cut-Off: January 6, 2014<br>Trial Date: April 22, 2014<br><br>Action Filed: November 30, 2012<br>Cross-Action Filed: January 9, 2013 |
| Counterdefendants. | |

LA 130822482 v2

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. These documents include confidential financial information, sensitive business information, and potentially trade secrets, the disclosure of which could harm the businesses involved. This overriding interest overcomes the right the public may have to access this type of information, and, given the nature of the dispute and the high-profile parties involved, there is a substantial probability that the parties' interest will be prejudiced if they are not provided the protections afforded by this Order.

Accordingly, good cause exists, and the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: is limited to information that concerns or relates to a trade secret or other confidential research, development or

commercial information the disclosure of which may cause significant harm to the competitive position of the producing Party.

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: is limited to extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly-Confidential Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

LA 130822482 v2

3. **SCOPE**

The protections conferred by this Stipulation and Order cover Protected Material (as defined above), and all information, documents, and things derived therefrom, including, but not limited to, copies, summaries, or abstracts thereof. The designation of material pursuant to this Order shall not affect a Party's right to use and disclose information that (a) was lawfully possessed by a non-designating Party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of its possession; (b) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Order; (c) is acquired by a non-designating Party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (d) is disclosed by a non-designating Party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating Party with the approval of the Designating Party.

4. **DURATION/TRIAL**

The Court will determine the extent to which this Order will control the use of Protected Material at trial. The Parties agree to meet and confer in good faith to agree upon procedures for treatment of Protected Material at trial to be included in the proposed pre-trial conference order. Protected Material not introduced as evidence at trial shall maintain the protections and designations afforded under this Order, even after the termination of this litigation, unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) Documents (apart from transcripts of depositions or other pretrial or trial proceedings): The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). In the case of electronic files, the designation may be included: in the file name; in the folder name, if all files in the folder are Protected Material; or on the physical medium containing the electronic files if all files contained on the physical medium are Protected Material.

(b) <u>Deposition Testimony</u>: Any Party may designate deposition testimony as Protected Material by identifying portions of any transcript (including exhibits) which contain Protected Material by making a statement on the record at the deposition or by designating in writing the confidential portions of the deposition testimony within seven (7) days after counsel's receipt of the transcript. Pending such designation by counsel, the entire deposition transcript shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Exhibits that were previously produced in this action shall retain their confidentiality designations (if any), unless otherwise designated by counsel during the deposition.

If during the seven (7) day period a Party wishes to disclose a portion of the transcript to its client, the Parties shall meet and confer in good faith regarding whether the designation may be lifted for the specified portion(s). If no designation is made within seven (7) days after receipt of the transcript, the transcript shall be considered not to contain any Protected Material.

(c) <u>Other Information and Tangible Things</u>: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 <u>Meet and Confer/Judicial Intervention</u>. Any challenge to a confidentiality designation shall be made in accordance with Local Rules 37-1, *et seq*.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

        (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (d) the Court and its personnel;

        (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who are not otherwise included in subsections (a)-(e) above or subsection (g) below and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

        (g) the author of the document, the original source of the information, or a person to whom the document or information was provided previously outside this litigation.

        7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

        (a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by

Protective Order" (Exhibit A);

    (c) the Court and its personnel;

    (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    (e) the author of the document or a recipient of the document as shown on the face of the document.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena, order or other lawful process issued by any court, tribunal, arbitral, administrative or legislative body that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by email, if possible) immediately, and in no event more than three (3) court days after receiving the subpoena or order, in order to provide the Designating Party with an opportunity to object. If the Designating Party does not take steps to prevent the production of any such Protected Material within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena or order is directed may produce any such Protected Material in response thereto. The Designating Party shall bear the burden and the expenses of seeking protection of the Protected Material in that court. The Receiving Party shall also use reasonable efforts to inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order may be subject to this Protective Order. Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court, tribunal, arbitral, administrative or legislative body.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

a. Without written permission from the Designating Party or a court order, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

b. If a Receiving Party seeks to file with the Court any Protected Material designated by the other Party, or if a Receiving Party wishes to refer in a memorandum or other filing to Protected Material designated by the other Party, the Receiving Party shall give notice to the Designating Party at least twenty-four (24) hours before its intent to file the Protected Material. If the Designating Party does not agree that the Protected Material sought to be filed may be filed in the public record, the Receiving Party must file an *ex parte* application pursuant to Local Rule 79-5 and lodge unredacted versions of any papers containing such Protected Material conditionally under seal at the same time as it publicly files redacted versions, if any. The *ex parte* application need not argue in favor or against filing the Protected Material under seal. Within 48 hours of the filing of the *ex parte* application, the Designating Party must file with the Court and serve a declaration setting forth the basis of the confidentiality designation and why the Protected Material is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the Designating Party does not file its declaration within 48 hours of the filing of the *ex parte* application, the document or proposed filing will be made part

LA 130822482 v2

of the public record.

   c. If a Designating Party seeks to file under seal any of its own Protected Material with the Court, it shall file a motion to file under seal consistent with Local Rule 79-5.

**11. FINAL DISPOSITION**

Within sixty (60) days after final termination of this action, whether by settlement, dismissal, expiration of the time to appeal or after issuance of the appellate mandate after an appeal, other otherwise, receiving counsel shall return or certify destruction of all Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

  12.1 <u>Inadvertent Production of Privileged Discovery Material</u>. No provision of this Protective Order shall be deemed to create a waiver as to inadvertently-produced Disclosure or Discovery Material that is protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure. The inadvertent production of such documents does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as a request for the return of such documents or information is made within ten (10) court days after the Producing Party learns of its inadvertent production. Within five (5) court days of such request, the Receiving Party shall take reasonable efforts to return the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so. Nothing in this Section shall prejudice the right of any Party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

  12.2 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of

any person to seek its modification by the Court in the future.

   12.3  **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 14, 2013          GREENBERG TRAURIG, LLP

                             By:  /s/ Wendy M. Mantell
                                  Susan L. Heller
                                  Wendy M. Mantell
                                  Nina D. Boyajian
                             Attorneys for Plaintiff/Counterdefendants
                             BOLDFACE Licensing +Branding and Boldface Group, Inc.

DATED: May 14, 2013          KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

                             By:  /s/ Jonathan Steinsapir
                                  Michael J. Kump
                                  Jonathan Steinsapir
                             Attorneys for Counterdefendants Kimsaprincess, Inc., 2Die4Kourt, Khlomoney Inc., Kim Kardashian, Kourtney Kardashian, and Khloe Kardashian

DATED: May 14, 2013          FAYER GIPSON LLP

                             By:  /s/ Gregory A. Fayer
                                  Elliot B. Gipson
                                  Gregory A. Fayer
                             Attorneys for Defendant and Counterclaimant By Lee Tillett, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 5·16·13 , 2013        [signature]
                             Hon. Patrick J. Walsh
                             United States Magistrate Judge

LA 130822482 v2

11

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2013 in the case of *BOLDFACE Licensing + Branding vs. By Lee Tillett, Inc.*, USDC CENTRAL DISTRICT OF CALIFORNIA, CASE NO. CV 12-10269 ABC (PJWx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

LA 130822482 v2