# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10269 ABC (PJWx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | BOLDFACE Licensing + Branding v. By Lee Tillett, Inc. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   ORDER to Show Cause Re: Contempt and Sanctions, Striking Motions for Summary Judgment, and Vacating Pretrial and Jury Trial Dates (In Chambers)

On November 27, 2013, Plaintiff and Counterdefendants BOLDFACE Licensing + Branding and Boldface Group, Inc. ("Boldface") filed "Boldface's Report to Court" to bring to the Court's attention "an inadvertent violation by Boldface of the Court's preliminary injunction." (Docket No. 117.[1]) Following an investigation conducted in response to questions raised by Defendant and Counterclaimant By Lee Tillett, Inc.'s ("Tillett"), Boldface learned that the "Cabana Glow PDQ," a display pack for retailers that contained KHROMA BEAUTY branded products, was shipped after the effective date of the preliminary injunction. Id. at 2. The bulk of Boldface's report is spent explaining how 3,033 boxes, each containing 4 KHROMA BEAUTY branded products, "slipped through the cracks." Id. at 3-9. Boldface concludes by claiming these "were the only shipments of KHROMA BEAUTY labeled goods after the injunction took effect." Id. at 9.

Tillett filed a Response to Boldface's Report to Court on December 2, 2013. (Docket No. 118.) Tillett contends there is "substantial reason to doubt" Boldface's characterization of the violations as products that merely "slipped through the cracks." Id. at 1. In support of this position, Tillett argues, among other things, that (1) the Cabana Glow products were the only products being shipped by Boldface for a three-month period after entry of the injunction; (2) Boldface directed its fulfillment agent to place KHROMA BEAUTY labeled goods in Cabana Glow boxes; and (3) Boldface did not instruct its fulfillment agents to halt assembly or stop shipment of the infringing products despite sending the products to its fulfillment agent for assembly just one day before the Ninth Circuit denied its stay motion. (Id. at 1-2.) Tillett also complains that Boldface withheld documents evidencing its violations in response to Tillett's document requests. Id. at 2-3.

Boldface's report leaves open the question of what actions it took upon completing its investigation and discovering the violations. For example, Boldface listed the dates the Cabana Glow

---

[1] Boldface is admonished for filing this "report" at roughly the same time as its document production to Tillett and on the day before Thanksgiving. (Declaration of Gregory A. Fayer ¶ 11.) Boldface's failure to inform Tillett of the outcome of its investigation before rushing to get the first word on the issue reeks of bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10269 ABC (PJWx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | BOLDFACE Licensing + Branding v. By Lee Tillett, Inc. | | |

boxes were shipped and whether they were shipped to domestic retailers or international distributors (Report at 9), but there is no indication that Boldface attempted to recall those boxes. Nor is there any estimate as to how many of the 3,033 boxes were sold or what profits Boldface received from those sales. Furthermore, despite admitting that "these shipments should **never** have been made and Boldface takes responsibility for them," Boldface's report does not suggest any steps to remedy the violations.

In addition to the Cabana Glow violations, Tillett also claims that FeelUnique.com, an online beauty retailer, was offering for sale KHROMA BEAUTY labeled products as of early November 2013. Id. at 4. Tillett seeks discovery about those potential violations, including from the Kardashian defendants. Id. at 14, n.5. There is also the suggestion that other violations may exist as a result of shipments sent by Boldface to third party agents before the stay was lifted for distribution after the injunction went into effect. The Court is concerned about the possibility of additional violations beyond those that Tillett has discovered thus far.

Accordingly, Boldface is **ORDERED** to **SHOW CAUSE** in writing, with supporting evidence, why it should not be held in contempt or sanctioned for violation of the preliminary injunction.
- Boldface's response to this Order shall be filed **no later than December 16, 2013**.
- Tillett may file an opposition **no later than December 23, 2013**.
- The hearing in this matter is set for **January 8, 2014 at 9:00 a.m.** Each side will have a maximum of two hours to make their presentations.

In light of the serious compliance issues raised by Boldface's report and Tillett's response, the Court **STRIKES** the pending motions for partial summary judgment filed by Boldface and the Kardashian defendants as premature. (Docket Nos. 115, 120.) The Court also **VACATES** the pretrial and jury trial dates.

**IT IS SO ORDERED.**

: 

Initials of Preparer          AB